UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL COLEMAN,

   Petitioner,       Case Number: 03-10246
               Honorable David M. Lawson
v.

LINDA METRISH,

   Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

   The petitioner, Daniel Coleman, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is custody in violation of the Constitution. Following a 1998 bench trial in the Wayne County, Michigan circuit court, the petitioner was convicted of two counts of involuntary manslaughter with a motor vehicle, Mich. Comp. Laws § 750.321, and felonious driving, Mich. Comp. Laws § 752.191. He was sentenced to concurrent terms of six to fifteen years imprisonment on each of the manslaughter convictions and one to two years imprisonment on the felonious driving conviction. In his pleadings, the petitioner contends that his convictions are unconstitutional because insufficient evidence was presented to support them, and there was an intervening cause that negated his gross negligence. The respondent maintains that the petitioner's first claim is unexhausted and lacks merit, and the second claim is procedurally defaulted and lacks merit. The Court finds that the first claim lacks merit and the second claim is procedurally defaulted. The petition will therefore be denied.

I.

The petitioner's convictions arise from the deaths of Desiree Parnell and Chlora Britton, both of whom were killed after the vehicle driven by the petitioner collided with their car on July 28, 1997. The accident occurred at the intersection of Harrison and Eureka Roads in Romulus, Michigan

Gregory Parnall testified that on July 28, 1997, at approximately 4:50 p.m., he was driving his vehicle southbound on Harrison Road. Among the passengers in his vehicle were his daughters, Raven, Latrice and Desiree Parnell, and his girlfriend, Chlora Britton. He testified that when he reached Eureka Road, he entered the left-hand turn lane intending to turn eastbound. After the vehicle in front of him turned left, he determined that the light was still green, checked to see that no cars were headed toward him, and proceeded to turn left. He said that the traffic light turned yellow as he commenced his turn and had just turned red as he was completing the turn. As he neared the end of his turn, his vehicle was struck on the passenger side. He testified that Desiree Parnell and Chlora Britton died in the crash, and his daughter, Latrice, spent approximately one month in the hospital because of injuries she received in the accident.

Tina Alongi testified that she was traveling eastbound on Eureka Road on the day of the accident. The petitioner's vehicle passed her vehicle and others on the shoulder of the road, so that she was then following him down Eureka Road. She testified that the traffic light at the intersection of Eureka and Harrison Roads turned red before the petitioner entered the intersection. She further testified that the petitioner had time to stop for the red light, but she never saw his brake lights illuminate.

Jesse Redding testified that he was also driving eastbound on Eureka Road and witnessed the collision. He testified that the petitioner entered the intersection after the light had turned red,

the petitioner would have had time to stop before entering the intersection, and the petitioner appeared to accelerate before entering the intersection.

The petitioner testified in his own defense. He stated that he was driving on Eureka Road at approximately 45 miles per hour and was about 75 to 100 feet away from the intersection when the light turned yellow. He believed he was too close to the intersection to safely stop, so he chose to go through the light. He testified that he attempted to avoid the collision by swerving to the left.

Following a bench trial, the petitioner was convicted of two counts of involuntary manslaughter with a motor vehicle and felonious driving. On March 25, 1998, he was sentenced to the prison terms noted above. Thereafter, he appealed his convictions to the Michigan Court of Appeals presenting the following claim only:

> The trial court abused its discretion by denying appellant's motion for a directed verdict and by reaching a verdict against the great weight of the evidence and thereby committing reversible error.

The Michigan Court of Appeals affirmed his convictions on the merits, holding that, from the evidence presented, a reasonable fact finder could properly infer that the petitioner acted with gross negligence. *People v. Coleman*, 2000 WL 33534070 (Mich. Ct. App. Feb. 11, 2000).

The petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court presenting the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Coleman*, 463 Mich. 861, 617 N.W.2d 335 (Mich. Aug. 22, 2000) (table).

On October 26, 2000, the petitioner filed a motion for relief from judgment in the trial court presenting the following claims:

> I.      Whether Mr. Coleman was denied his fundamental rights to counsel during trial and on appeal, when counsel was acting outside the scope of objective

-3-

reasonable assistance, and when these errors resulted in outcome determinative factors being used to determine the manslaughter verdicts.

II.     Whether Mr. Coleman's "waiver" of a jury trial should be considered involuntary when the Honorable Townsend used erroneous facts in determining gross negligence and manslaughter.

III.    As a matter of first impression, should this court determine (in the interest of justice) whether an intervening cause established at trial is sufficient as an affirmative defense to negate culpability in the element of gross negligence.

IV.     Whether Mr. Coleman's conviction should be reversed under the miscarriage of justice exception when overcharging denied the defendant fundamental fairness during the previous proceedings.

The trial court denied the motion for relief from judgment. *People v. Coleman*, No. 97-502868 (Third Judicial Circuit Court June 25, 2002).

The petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

I.      Whether the actual innocent doctrine should be applied to the appellant's intervening cause argument where he continues to be confined without sufficient culpability.

II.     Whether the appellant's conviction should be reversed, under the doctrine of an error so offensive to the sound maintenance of the judicial process, where the waiver trial findings were based on erroneous assumptions.

The Michigan Court of Appeals denied leave to appeal. *People v. Coleman*, No. 243872 (Mich. Ct. App. March 27, 2003).

The petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Coleman*, 469 Mich. 879, 668 N.W.2d 149 (Mich. Aug. 29, 2003) (table).

-4-

The petitioner then timely filed the pending petition for a writ of habeas corpus presenting the following claims:

I.    The prosecutor failed to prove beyond a reasonable doubt the petitioner's guilt of gross negligence.

II.   Whether the actual innocent doctrine should be applied to the appellant's intervening cause argument where he continues to be confined without sufficient culpability.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21

-5-

(quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case."  *Id.* at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court

-6-

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 409, 410-11.  *See also Davis v. Coyle*,  475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

In his first claim, the petitioner alleges that he is entitled to habeas relief because the State failed to prove beyond a reasonable that he was grossly negligent, which is an essential element of the crimes charged.  The respondent argues that this claim is unexhausted because on direct review in state court, the petitioner failed to present the claim in terms of a constitutional violation.  Instead, according to the respondent, the petitioner's sole claim on direct appeal was that the prosecutor failed to state a *prima facie* case and the verdict was against the great weight of the evidence.  The respondent insists, therefore, that the petitioner presents the claim as an alleged violation of due process for the first time in the habeas petition.

A prisoner must exhaust his state court remedies before seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court.  28 U.S.C. §§ 2254(b)(1)(A) and 2254(c).  "'A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns.'"  *Carter v. Bell*, 218 F.3d 581, 607 (6th Cir. 2000) (quoting *Levine v. Tornik*, 986 F.2d 1506, 1516 (6th Cir. 1993)).

The respondent's contention that this claim is unexhausted is meritless.  In his brief on direct appeal, the petitioner stated:

-7-

> Due process of law requires that the prosecution introduce evidence on every element such that a rational fact-finder could find that every element existed beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 560 (1979).

Pet.'s Brf. on App. at 5. This argument literally presents the sufficiency-of-the-evidence argument in constitutional terms. The Court concludes, therefore, that the petitioner properly exhausted this claim in state court.

Turning to the merits of the claim, in *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). The state court of appeals evaluated the evidence against the following standard: "In reviewing a trial court's decision on a motion for directed verdict, we review the record de novo and consider the evidence presented by the prosecutor up until the time the motion was made in a light most favorable to the prosecutor to determine whether a rational trier of fact could find that the elements of the offense were proved beyond a reasonable doubt. *People v. Hammons*, 210 Mich. App. 554, 556 (1995)." *People v. Coleman,* 2000 WL 33534070, *1 (Mich. Ct. App. Feb. 11, 2000). Although that court did not cite *Jackson*, it referred to state law precedent that traces its origin to that very case and incorporates it into Michigan jurisprudence. *Hammons*, 210 Mich. App. at 556, 534 N.W.2d at 184 (citing *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177, 180 (1993) (citing *Jackson*)). Under 28 U.S.C. § 2254(d)(1), therefore, this Court must determine whether the state court's application of the *Jackson* standard was contrary to or an unreasonable application of Supreme Court precedent, while affording the state court's findings of fact a presumption of correctness. 28 U.S.C. § 2254(e)(1); *West*, 73 F.3d at 84.

-8-

The Michigan Court of Appeals analyzed the petitioner's sufficiency-of-the-evidence claim

as follows:

> To establish that defendant was guilty of involuntary manslaughter with a motor vehicle, the prosecutor was required to prove that defendant committed an unlawful act in a grossly negligent, wanton, or reckless manner, causing the death of another. . . . As with involuntary manslaughter, a conviction of felonious driving requires proof of gross negligence. . . . To establish that defendant was guilty of felonious driving, the prosecutor was required to prove that defendant drove his vehicle on a street or highway, in a grossly negligent manner, that defendant's gross negligence was a substantial cause of an accident that injured the complainant, and that the injury was crippling. . . .
>
> To establish gross negligence, the following elements must be proven:
>
> (1) Knowledge of a situation requiring the exercise of ordinary case and diligence to avert injury to another.
>
> (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
>
> (3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.
> . . .
>
> In this case, a trier of fact could properly infer that defendant knew that the act of driving requires ordinary care and diligence to avoid injury to others. Similarly, there is no question that a trier of fact could properly infer, under these facts, that defendant had the ability to avoid the harm that occurred by exercising ordinary care and diligence, but failed to do so. In other words, defendant could have chosen not to enter the intersection after the light turned red in order to avoid injury to the victims. Two eyewitnesses . . . testified that defendant had ample time to stop after the traffic light turned yellow. The traffic engineer also testified that defendant had ample time to stop if he was traveling at the speed limit of 45 miles per hour. The two eyewitnesses testified that the traffic light was clearly red before defendant entered the intersection, and that defendant made no effort to slow down. In fact, one eyewitness testified that defendant actually accelerated to enter the intersection, while the other witness testified that it seemed as if defendant sped up and that he was passing vehicles using the shoulder of the road before he entered the intersection. A rational trier of fact could properly find that defendant's act of proceeding into the intersection after the light turned red was likely to prove disastrous to another. Having viewed the evidence in a light most favorable to the

prosecutor, we conclude that a rational trier of fact could find that defendant's conduct amounted to gross negligence, which caused the death of two individuals and seriously injured a third person.

*People v. Coleman,* 2000 WL 33534070 at *1-2.

The Court finds that this well-reasoned disposition of the petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law. The Michigan Court of Appeals described the facts in light of the elements of the crimes and explained and supported its conclusion that a rational trier of fact could have found the petitioner guilty beyond a reasonable doubt. The petitioner has not presented any new evidence to show that the state court's findings of fact were erroneous. Therefore, with those factual findings presumed correct, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that the state court of appeals's decision that all of the elements of the crimes were proved beyond a reasonable doubt did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The petitioner is not entitled to federal habeas relief on this claim.

B.

In his second claim for habeas corpus relief, the petitioner claims that an intervening cause should negate the gross negligence element of involuntary manslaughter and reduce his crime to ordinary negligence. The respondent argues that this claim is procedurally defaulted and that the petitioner has failed to establish cause or prejudice to excuse the default.

The Supreme Court has described the doctrine of procedural default as follows:

-10-

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202-03 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States*, 975 F.2d 1207, 1213-14 (6th Cir. 1992). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson*, 94 F.3d at 202.

-11-

If the last state court from which the petitioner sought review affirmed the conviction both on the merits, and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust*, 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

This Court begins its analysis of whether the petitioner's claim is procedurally defaulted by looking to the last reasoned state court judgment denying the petitioner's claims. *See Coleman*, 501 U.S. at 729-30. The last state court to issue a reasoned opinion addressing the allegedly procedurally defaulted claim, the Michigan Supreme Court, denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Coleman*, No. 243872. Michigan Court Rule 6.508(D) applies to motions for relief from judgment and states:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> (1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;
>
> (2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> (b) actual prejudice from the alleged irregularities that support the claim for relief.

-12-

Mich. Ct. R. 6.508(D).

Where the Michigan Supreme Court references only Michigan Court Rule 6.508(D) generally as a basis for denying leave to appeal, that reference, without more, is insufficient to establish that the court denied leave to appeal based upon a procedural ground. *Abela v. Martin*, 380 F.3d 915, 922 (6th Cir. 2004) (observing that "[a]lthough 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D)"). However, where other "clarifying indicators" clearly demonstrate the state court's intention to invoke an "independent and adequate state procedural rule" by its general reference to 6.508(D), a federal court may determine that federal habeas review is barred. *Id.* at 923-24. The Sixth Circuit has held that where the procedural history shows that the Michigan Court of Appeals or trial court clearly and expressly relied on a procedural bar, a federal court may conclude that the Michigan Supreme Court's general reference to 6.508(D) actually indicated a reliance on a procedural bar. *Ibid.*

In this case, although the Michigan Supreme Court referenced only 6.508(D), the trial court clearly and expressly held that this claim was barred from review because the petitioner failed to present it on direct appeal and failed to establish cause for failing to do so. The trial court specifically invoked Michigan Court Rule 6.508(D)(3), *People v. Coleman*, No. 97-502868 at 4, which the Sixth Circuit has held is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir. 2000) (citing *Rogers v. Howes*, 144 F.3d 990 (6th Cir. 1998)). This Court concludes that the trial court's opinion provides a clarifying indicator demonstrating that the Michigan Supreme Court relied on a procedural bar in rendering its judgment.

-13-

Therefore, this Court may not review the petitioner's claim unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider this claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

The petitioner argues that this claim should not be barred from review because it presents a novel issue of law, which, he argues, establishes cause to excuse the procedural default. "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross,* 468 U.S. 1, 16 (1984). In determining whether the novelty of a constitutional claim is "cause" for the failure to raise it in compliance with state procedural rules, "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986).

In this case, the petitioner was convicted in 1998. The Court, therefore, must consider whether the claim that an intervening cause negated the petitioner's culpability was available at that time. Michigan courts recognized intervening cause as a potential defense to involuntary manslaughter as early as 1972. *See People v. Moss*, 70 Mich. App. 18, 22, 245 N.W.2d 389, 391 (1988) (citing *People v. Flenon*, 42 Mich. App. 457, 202 N.W.2d 471 (1972)). Consequently, the Court concludes that this claim was available to the petitioner at the time of his direct appeal, and therefore was not a novel issue of law that could establish cause to excuse his procedural default.

The petitioner also asserts that his actual innocence excuses his procedural default. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

-14-

or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 325 (1995).  The petitioner provides no credible evidence to support his claim of actual innocence. Therefore, his procedural default will not be excused on this ground.

Finally, the petitioner asserts ineffective assistance of appellate counsel as cause to excuse his procedural default of this claim.  Ineffective assistance of appellate counsel can constitute "cause" for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  "If [the petitioner] can show that he received ineffective assistance of appellate counsel that rose to the level of a violation of his Sixth Amendment rights, it would excuse his procedural default."  *Martin v. Mitchell,* 280 F.3d 594, 605 (6th Cir. 2002).  "Not just any deficiency in counsel's performance will [excuse a procedural default], however; the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000).  Moreover, in order to assert on habeas that the ineffective assistance of appellate counsel was the "cause" for a procedural default in state court, that claim itself "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 452 (quoting *Carrier,* 477 U.S. at 489) (internal quote marks omitted).  The claim also must be presented in the manner prescribed by the state's procedural rules.  *Ibid.*

In this case, the petitioner did not raise the claim that his appellate counsel was constitutionally ineffective until he filed his motion for relief from judgment under Michigan Court Rule 6.500.  However, that was the first practical opportunity the petitioner had  to address the issue in state court.  *See Tucker v. Renico*, 317 F. Supp. 2d 766, 772-73 (E.D. Mich. 2004).  The petitioner properly exhausted that claim by presenting it to the Michigan appellate courts thereafter.

To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Carpenter v. Mohr,* 163 F.3d 938, 946 (6th Cir.1998), *reversed on other grounds sub nom Edwards v. Carpenter*, 529 U.S. 446 (2000). The deficient-performance prong of this test "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The prejudice prong of the test requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Supreme Court has held that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

In ruling on the motion for relief from judgment, the state trial court held that the petitioner failed to show that his appellate attorney was ineffective by failing to raise this issue on appeal. The petitioner disagrees with the trial court's finding but fails to offer any convincing argument that the intervening cause defense would have been successful. His theory seems to be that Gregory Parnell

-16-

acted negligently by positioning his vehicle in the intersection and commencing his left-hand turn while the traffic light turned yellow.  This negligence, according to the petitioner, amounted to an intervening cause sufficient to preclude a finding that the petitioner's gross negligence was a proximate cause of the accident.  Although it is true that "[i]ntervening or superceding causes negate proximate cause," *People v. Harding*, 443 Mich. 693, 740, 506 N.W.2d 482, 504 (1993) (Cavanaugh, J.) (concurring in part and dissenting in part), "in order to be a superseding cause . . . an intervening force must not have been reasonably foreseeable," *Hickey v. Zezulka*, 439 Mich. 408, 437, 487 N.W.2d 106, 118 (1992).  In the present case, Gregory Parnell testified that the traffic light had turned yellow when he began his turn and as he "completed the turn it just had turned red." Trial Tr., March 2, 1998, at 23.  If Parnell was less that prudent in his own driving, his actions were nonetheless reasonably foreseeable.  As virtually every driver knows, these sorts of maneuvers are commonplace and unremarkable.

Because the intervening cause argument lacked merit, the petitioner has failed to establish that appellate counsel's declining to raise this issue on direct appeal constituted deficient performance.  The petitioner, therefore, likewise fails to show that he was denied the effective assistance of appellate counsel.  Appellate counsel's performance cannot amount to cause for the petitioner's procedural default.  The Court must deny habeas relief on this claim because the State's procedural rule constitutes an adequate and independent state law ground that is unreviewable by this Court.

III.

The petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

-17-

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2007.

s/Felicia M. Moses
FELICIA M. MOSES

---